IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LORI ZOVAL,<br><br>    Defendant.<br>_____ | 2:10-cr-00265-GEB<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS INDICTMENT |

        Defendant moves to dismiss the indictment, arguing the Assistant United States Attorney "appear[ed] to commit misconduct before the grand jury" on "several occasions[,]" which "has denied [Defendant] her right to a fair and unprejudiced investigation and shows that the indictment was returned because of prosecutorial compulsion rather than because of the force of the evidence." (Def.'s Mot. to Dismiss 3:3-8, ECF No. 58.) The government rejoins that "by entering an unconditional guilty plea, [Defendant] has waived her right to assert that the prosecutor engaged in prosecutorial misconduct before the grand jury." (Gov'ts Opp'n 1:26-2:2, ECF No. 59.)

        "An unconditional guilty plea waives all nonjurisdictional, antecedent defects." United States v. Jackson, --- F.3d ----, 2012 WL 4826815, at *2 (9th Cir. 2012)(citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)); see also United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005)("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all

1

nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.")(citations omitted). "Jurisdictional" claims include "claims that the applicable statute is unconstitutional or claims that the indictment fails to state an offense." United States v. Arzate-Nunez, 18 F.3d 730, 738 (9th Cir. 1994). "[T]his exception [is] limited to cases 'in which the judge could determine at the time of accepting the plea, from the face of the indictment or from the record, that the government lacked the power to bring the indictment.'" Id. (quoting United States v. Montilla, 870 F.2d 549, 552 (9th Cir. 1989)).

Defendant has not shown that the alleged prosecutorial misconduct during Defendant's grand jury proceedings constitutes a "jurisdictional" claim, which would not be waived by her unconditional guilty plea. Therefore, her Motion to Dismiss is DENIED.

Dated: October 12, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge